UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| DIJON T. DIXON, | ) | |
| | ) | |
| Plaintiff, | ) | No. 7:23-CV-30-REW |
| | ) | |
| v. | ) | |
| | ) | |
| HECTOR JOYNER, et al., | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Dijon Dixon, an inmate confined at the federal penitentiary in Inez, Kentucky, has filed a *pro se* complaint asserting civil rights claims against federal officials pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). *See* DE 1 (Complaint). The Court granted Dixon *pauper* status by separate Order. *See* DE 9 (Order). The Court must screen the complaint prior to service of process. *See* 28 U.S.C. §§ 1915(e)(2), 1915A; *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

Dixon asserts that "the events in this Complaint occurred while plaintiff was in the SHU in July of 2020." DE 1 at 4. Specifically, he alleges that on July 22, 2020, defendants Hurley, Adams, J. Minx, and Murry kicked and punched him and his cellmate.[1] *Id*. at 4, 10. Dixon alleges that shortly thereafter one of the officers uttered a racial slur, and then rammed his head into a wall and applied handcuffs too tightly, causing him to bleed from both his head and wrists. *Id*. at 10. He also alleges or suggests that during that day or the two days following, various other officers did

---

[1] Dixon actually writes that the assault occurred on "July 22, 2022." *See* DE 1 at 4. This is evidently a scrivener's error, as it contradicts Dixon's statement in the preceding sentence in the Complaint, as well as statements in numerous inmate grievances and appeals Dixon filed beginning in August 2020 that the pertinent events occurred in July 2020. *See* DE 1 at 4 (Complaint); DE 1-2 at 1-5 (Inmate Grievance); DE 1-3 at 1-8 (Inmate Grievances and Appeals).

1

not provide adequate medical treatment; confiscated several items from his cell; charged him with a disciplinary offense without a legitimate basis to do so; threatened further harassment if Dixon continued to file grievances; and made sexually suggestive comments about him during an unwarranted strip search. *Id*. at 10-14.

Dixon filed an inmate grievance regarding some, although not all, of his claims on Sept. 26, 2020. *See* DE 1-3 (Administrative Remedy). Dixon's grievances were denied for administrative purposes, first by the warden and subsequently by the Mid-Atlantic Regional Office. *Id*. at 2, 6. Dixon filed an appeal to the Bureau of Prisons' Central Office on April 19, 2021, but he does not include a copy of its response or indicate when (or even if) he received a response. *Id*. at 7-8. By regulation, the Central Office's deadline to respond expired on June 18, 2021. *See* 28 C.F.R. § 542.18. Having exhausted his administrative remedies, Dixon satisfied that condition precedent to filing suit by that date. *See* 42 U.S.C. § 1997e(a).

Dixon signed his Complaint on March 30, 2023. *See* DE 1 at 5. Dixon names fifteen different officers, supervisors, and administrators of the Bureau of Prisons as defendants. *Id*. at 1-2, 6-8. He contends that the defendants retaliated against him in violation of the First Amendment, as well as used excessive force and denied him adequate medical care in violation of the Eighth Amendment. *Id*. at 4, 14. He further asserts six tort claims under Kentucky law for civil conspiracy, negligence, negligence *per se*, assault, battery, and outrage. *Id*. at 4, 9, 14-17. Dixon attached to his Complaint a November 23, 2022, letter from the BOP denying his request for administrative settlement of a claim asserted under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b),

2671-80. DE 1-1 (Letter).[2] However, while Dixon expressly and clearly asserts nine distinct claims in his Complaint, he asserts no claim under the FTCA.

The Court must dismiss Dixon's constitutional claims asserted under *Bivens* because he did not file suit within the time permitted by the applicable statute of limitations. A claim plainly barred by the applicable limitations period may be dismissed upon initial screening. *Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."); *Norman v. Granson*, No. 18-4232, 2020 WL 3240900, at *2 (6th Cir. Mar. 25, 2020) ("Where a statute of limitations defect is obvious from the face of the complaint, sua sponte dismissal is appropriate.") (*citing Haskell v. Washington Township*, 864 F. 2d 1266, 1273 (6th Cir. 1988); *Alston v. Tenn. Dep't of Corr.*, 28 F. App'x 475, 476 (6th Cir. 2002)).

In certain limited contexts, the judicially implied remedy afforded by *Bivens* permits a plaintiff to sue a federal employee for violating his or her civil rights. *See Egbert v. Boule*, 142 S. Ct. 1793, 1802-03 (2022). Where the events giving rise to the claim transpired in Kentucky, the cause of action is subject to a borrowed one-year statute of limitations. *See Zappone v. United States*, 870 F.3d 551, 559 (6th Cir. 2017) ("*Bivens* claims, like § 1983 claims, ordinarily borrow the personal-injury statute of limitations from the state in which the claim arose."); *Mitchell v. Chapman*, 343 F.3d 822, 825 (6th Cir. 2003) ("*Bivens* claims have a one year statute of limitations under Kentucky law."). Dixon's claims accrued when he "[knew or had] reason to know of the injury which is the basis of his action." *Johnson v. Memphis Light Gas & Water Div.*, 777 F. 3d 838, 843 (6th Cir. 2015). The pertinent events transpired between July 22 and July 24, 2020, and

---

[2] For its part, in its letter the BOP asserted that during medical examinations conducted on July 24, 2020, and August 5, 2020, there was no sign of abrasion, laceration to, or bleeding from Dixon's head. *See* DE 1-1 at 1-2.

Dixon's claims accrued at that time. *Cf. Fox v. DeSoto*, 489 F. 3d 227, 233 (6th Cir. 2007) (holding that a Fourth Amendment claim that excessive force was used during an arrest generally accrues when the force was applied). Absent some form of tolling, Dixon was required to file suit within one year of those dates, no later than July 24, 2021.

Before he could file suit, however, Dixon was required to exhaust his administrative remedies available under the BOP's Inmate Grievance Program. 42 U.S.C. § 1997e(a); *Jones*, 549 U.S. at 205-07. When a claimant is required to exhaust such remedies before bringing suit, the limitations period is tolled while he or she does so, as long as such remedies are pursued diligently and in good faith. *See Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000); *see also Cuco v. Fed. Med. Ctr.-Lexington*, No. 05-CV-232-KSF, 2006 WL 1635668, at *25 (E.D. Ky. June 9, 2006) ("[E]xhaustion of administrative remedies tolls the running of the statute of limitations, but it does not delay its commencement."), *aff'd and remanded*, 257 F. App'x 897 (6th Cir. 2007).

The tolling period began on September 26, 2020, the day Dixon filed his initial formal grievance. *See Gonzalez v. Hasty*, 651 F.3d 318, 322 n.2, 324 (2d Cir. 2011) ("... the applicable three-year statute of limitations is tolled only during that exhaustion period and not during the period in between the accrual of those claims and when Gonzalez began the administrative remedy process.") (*citing Brown*). The tolling period ended on June 18, 2021, the day the BOP was deemed to have denied his final appeal. *See Jordan v. U.S. Dept. of Justice*, No. 7:15-CV-138-KKC (E.D. Ky. 2015), *aff'd*, No. 17-5467 (6th Cir. Mar. 7, 2018) (holding that equitable tolling ceases once the time period for the agency to respond has expired under its regulations) (*citing Risher v. Lappin*, 639 F.3d 236, 240 (6th Cir. 2011) ("It is well established that 'administrative remedies are exhausted when prison officials fail to timely respond to a properly filed grievance.'")); *see also*

*Burley v. Federal Bur. of Prisons*, No. 6: 15-04-DCR, 2015 WL 3973076, at *3 (E.D. Ky. June 30, 2015).

The limitations period was therefore tolled for 265 days while Dixon completed the grievance process. Appending that period to the otherwise-applicable filing deadline of July 24, 2021, Dixon was required to file suit on or before April 15, 2022. Under the prison mailbox rule, "a pro se prisoner's complaint is deemed filed when it is handed over to prison officials for mailing to the court . . . absent contrary evidence, a prisoner does so on the date he or she signed the complaint." *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (internal citations omitted). Dixon signed his Complaint on March 30, 2023. *See* DE 1 at 8 (Complaint). Because Dixon did not file suit until nearly one year after the limitations period expired, his *Bivens* claims are time-barred and must be dismissed. *See Bonner v. Perry*, 564 F.3d 424, 431 (6th Cir. 2009).

As noted above, Dixon's Complaint asserts only three federal claims, specifically *Bivens* claims under the First and Eighth Amendments. *See* DE 1 at 4, 14-18. Dixon does attach a November 2022 letter from the BOP denying his request for administrative settlement of an FTCA claim. *See* DE 1-1 (letter). But he does not clearly assert or even suggest a FTCA claim in the body of the Complaint. Given his express assertion of nine other, clearly-identified, claims, the Court cannot justifiably infer the assertion of an unstated claim under the FTCA. *See Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading."). In any event, Dixon did not name the United States as a defendant in this action, and "[t]he FTCA clearly provides that the United States is the only proper defendant in a suit alleging negligence by a federal employee. 28 U.S.C. § 2679(a). Failure to name the United States as defendant in an FTCA suit results in a fatal lack of jurisdiction." *Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990); *see also Jones v. Johnson*, 707 F.

App'x 321, 331 (6th Cir. 2017). And an "FTCA claim naming only an agency and individual employees fails to bestow jurisdiction." *Adu-Beniako v. Reimann*, No. 21-2978, 2022 WL 4538372, at *3 (6th Cir. July 12, 2022) (*citing Good v. Ohio Edison Co.*, 149 F.3d 413, 418 (6th Cir. 1998)); *see also Mynatt v. United States*, 45 F.4th 889, 894 n.1 (6th Cir. 2022). The Court therefore concludes that Dixon did not assert, whether expressly or impliedly, a claim under the FTCA.

Dixon's six remaining claims all arise under Kentucky law.  However, a district court may "decline to exercise supplemental jurisdiction over a claim [if] the district court has dismissed all claims over which it has original jurisdiction ..." 28 U.S.C. § 1367(c)(3). Where the Court has dismissed all of the plaintiff's federal claims, generally the balance of judicial economy, convenience, fairness, and comity all point toward declining to exercise supplemental jurisdiction. *See Carnegie–Mellon University v. Cohill*, 484 U.S. 343 (1988); *Gamel v. City of Cincinnati*, 625 F.3d 949, 952 (6th Cir. 2010) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims."); *Musson Theatrical, Inc. v. Federal Exp. Corp.*, 89 F.3d 1244, 1255 (6th Cir. 1996) ("After a 12(b)(6) dismissal, there is a strong presumption in favor of dismissing supplemental claims."). The Court will therefore dismiss Dixon's state law claims without prejudice.

Accordingly, the Court **ORDERS** as follows:

1. The Court **DISMISSES** with prejudice, as untimely, all claims arising under federal law in Plaintiff Dijon Dixon's DE 1 Complaint. The Court **ENTERS** judgment in favor of the Defendants with respect to such claims.

2. The Court **DISMISSES** without prejudice all claims arising under Kentucky law.

3. This matter is **STRICKEN** from the docket.

This the 30th day of May, 2023.

Signed By:
*Robert E. Wier* REW
United States District Judge